**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil Action No. 5:24-cv-00990 (DNH/ ML) |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| $40,100.00 in U.S. Currency, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Currency") and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Currency as proceeds traceable to violations of Title 21, United States Code, Sections 841 and 846. Section 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C. § 881(a)(6).

### THE PARTIES

1.      The Plaintiff is the United States of America.

2.      The Defendant Currency consists of $40,100.00.

3.     The Defendant Currency is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."  28 U.S.C. § 1355(a).

5.     This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."   28 U.S.C. § 1355(b)(1)(A).

6.     Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."  28 U.S.C. § 1395(b).

## FACTS

7.     For several months prior to March 28, 2023, the Drug Enforcement Administration ("DEA"), in conjunction with Syracuse Police Department ("SPD"), began an investigation into individuals who were selling large quantities of cocaine in the Syracuse area.

8.     As part of the investigation, agents conducted controlled purchases into an individual named Eddie Coplin ("Coplin") and his associates.

9.     Coplin was a customer of an individual distributing cocaine in the Syracuse area (hereinafter the "Person 1").

10.     During surveillance, Person 1 was frequently observed visiting Harold Broadwater, ("Broadwater"), at his residence located in Syracuse, New York (the "Broadwater Residence").

11.     Broadwater has been on law enforcement's radar for several years as an individual associated with the distribution of drugs.

12.     Surveillance of Person 1 and of the Broadwater Residence revealed that Person 1 would often visit Broadwater and enter the garage of the Broadwater Residence.

13.     On one occasion, law enforcement observed Person 1 access the garage of the Broadwater Residence after returning from New York City.[1]

14.     As a result of the surveillance, law enforcement obtained federal search warrants for Coplin, Broadwater, Person 1, and their respective residences and vehicles.

15.     On or about March 28, 2023, law enforcement simultaneously executed several federal search warrants, at various locations, including the Broadwater Residence.

16.     At approximately 6:35 p.m. that day, law enforcement arrived at the Broadwater Residence.   Law enforcement knocked on the rear door, and announced their presence.   After receiving no response, they opened the back door using a Halligan bar.   Upon entering the premises, they shouted "Police" and "Search Warrant."

17.     Law enforcement determined that the Broadwater Residence was unoccupied and cleared to be searched.

---

[1] Law enforcement have identified New York City as a primary location where drug traffickers obtain their supply of controlled substances to sell in the Syracuse New York area.

18.     While searching the upstairs front bedroom, law enforcement found cash, in various denominations, in the following four locations: (1) a large stack of cash bundled in three rubber bands found inside a dresser drawer; (2) a stack of one dollar bills bundled in a $100 currency band found on top of a dresser drawer alongside a twenty dollar bill; (3) separate portions of cash wrapped in black rubber bands found inside a decorative vase on an end table; (4) and a portion of cash folded in half and wrapped in rubber bands found inside of a tin box located on the end table next to the bed. *See* Attachment A, Photographs of Defendant Currency.

19.     The combined cash inside each of the four locations, constituting the Defendant Currency, totaled $40,100.00.

20.     Law enforcement also found the following items in various locations throughout the Broadwater Residence: (1) three knotted plastic baggies containing a white chunky substance, weighing approximately 33.3 grams that tested positive to the presence of cocaine, found on the side porch of the first floor inside of a packaging box; (2) plastic wrappings containing white powder residue with handwritten letters and numbers written in black ink on the plastic wrappings, found near the rear entry staircase on the first floor (*see* Attachment B, Photograph of Plastic Wrappings); (3) one knotted clear plastic bag and foil containing a white chunky substance, weighing approximately 10.4 grams, that tested positive to the presence of cocaine, found in the upstairs front bedroom in a wooden box on top of a dresser; (4) one Springfield Armory magazine containing sixteen 9mm bullets, found wrapped in a sock located inside a shoe in the second floor office.

21.     Additionally, law enforcement located the following items in various locations throughout the house: (1) mail/paperwork belonging to Broadwater that was found on the first-floor bar living room and first-floor office; (2) a U.S. Passport that was located on an office desk

in the second-floor front bedroom; (3) a money counter that was found in the proximity of bags filled with rubber bands inside of a hutch located in the dining room; (4) a bag of rubber bands located in the first-floor coat closet; (5) and small black rubber bands found inside of a sandwich bag. *See* Attachment C, Money counter and rubber bands.

22.     The rubber bands found throughout the residence are consistent with the bands used to hold the stacks of cash found in the upstairs front bedroom. *See* Attachment A Defendant Currency.

23.     While searching the Broadwater Residence, a traffic stop was conducted on the vehicle operated by Broadwater.

24.     During this time, officers were able to obtain the keypad access code from Broadwater, which allowed them to unlock the garage door of the Broadwater Residence.

25.     While searching inside the garage, officers located a red zipper case, which appeared to be a gun case, containing a CR digital scale.

26.     A blue Ziploc bag was also located inside the garage.  Inside the blue Ziploc bag was another blue Ziploc bag, containing a pressed white powdery substance.

27.      The blue Ziploc bag was marked with handwriting in black ink.  The writing was consistent with that found on the plastic wrapping located on the first-floor rear entry staircase that contained white powdery residue.

28.     The white powdery substances located in the blue Ziploc bag weighed approximately 693.9 grams and tested positive to the presence of cocaine. *See* Attachment D, Cocaine inside Ziploc bags.

29.     During the traffic stop of Broadwater, law enforcement seized $1,650.00 in U.S. Currency from Broadwater's person.

30.     Broadwater was subsequently brought to the DEA Syracuse Regional office for an interview and processing.

## CONCLUSION

31.     The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1)     Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2)     Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)     Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4)     Award such other and further relief to the United States as it deems proper and just.

Dated: August 8, 2024                    CARLA B. FREEDMAN
                                         United States Attorney

                           By:     */s/ Elizabeth A. Conger*
                                   Elizabeth A. Conger
                                   Assistant United States Attorney
                                   Bar Roll No. 520872

VERIFICATION

STATE OF NEW YORK          )
                           )   ss:
COUNTY OF ONONDAGA         )

Robert C. Wiegand, being duly sworn, deposes and states:

I am a Task Force Officer with the United States Drug Enforcement Administration (DEA).

I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein

are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or

on information received from other law enforcement officers.

Dated this __9__ day of August, 2024.

_____
Robert C. Wiegand, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this ___9___ day of August, 2024.

_____
Notary Public

LINDA BROWN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6040066
Qualified in Onondaga County
My Commission Expires April 17, 2026

**Attachment A**







**Attachment B**



**Attachment C**





**<u>Attachment D</u>**

